UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 23-mj-4422 |
| | ) | |
| | ) | JUDGE NEWBERN |
| PATRICK CASH | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

Comes Now the United States of America by Henry C. Leventis, United States Attorney, and Joshua A. Kurtzman, Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter. Federal law holds that "the judicial officer shall hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves . . . any felony . . . that involves a crime of violence." 18 U.S.C. § 3142(f)(1)(A) The statement in support of the Criminal Complaint in this case describes that the Defendant committed a violation of 18 U.S.C. § 875(c), which is a crime of violence for the purposes of the Bail Reform Act. As articulated in a recent Order, Magistrate Judge Newbern articulated that "[c]ommunicating a threat in violation of 18 U.S.C. § 875(c) constitutes a 'crime of violence' for purposes of the Bail Reform Act." *United States v. Cooper*, No. 3:19-MJ-04254-1, 2019 WL 4259454, at *3 (M.D. Tenn. Sept. 9, 2019) (citing *United States v. Choudhry*, 941 F. Supp. 2d 347, 351 (E.D.N.Y. 2013)).

The underlying framework of Judge Newbern's decision is based upon the definition of a crime of violence in 18 U.S.C. § 3142, which is provided by 18 U.S.C § 3156(a)(4). Title 18 U.S.C. § 3156(a)(4) defines the term "crime of violence" as "(A) an offense that has [as] an element of

the offense the use, attempted use, or *threatened use of physical force against the person or property of another*; (B) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *United States v. Gotti*, 219 F. Supp. 2d 296, 297–98 (E.D.N.Y.); *see also* 18 U.S.C. § 3156(a)(4).

The Statement in support of the Criminal Complaint in this case details a fixation of the Defendant with committing acts of violence against individuals working for a school system. The Defendant threatened to kill a woman and her children based on racial animus and his perception of a training event that may have occurred within the school district. These threats, just like the threat previously analyzed by Judge Newbern, constitute a crime of violence under the Bail Reform Act, thus entitling the United States to a detention hearing.

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

HENRY C. LEVENTIS
United States Attorney

By:

 */s/ Joshua A. Kurtzman*
AUSA JOSHUA A. KURTZMAN
Assistant U.S. Attorney
716 Church Street – Suite 3300
Nashville, Tennessee 37203

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on November 7, 2023.

*/s/ Joshua A. Kurtzman*
AUSA JOSHUA A. KURTZMAN

2